UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANNE HENMAN,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY

        Defendant.
_____/

Case No. 18-10940
DISTRICT JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE MONA K. MAJZOUB

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #17); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #15); DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #11)**

## I.    INTRODUCTION

Plaintiff Marianne Henman ("Henman") appealed the decision of the Commissioner of Social Security denying her application for disability benefits pursuant to 42 U.S.C. § 405(g).

The parties filed cross-motions for summary judgment. The Court referred those motions to Magistrate Judge Mona K. Majzoub for a Report and Recommendation ("R&R"). Magistrate Judge Majzoub recommends the Court grant the Commissioner's Motion for Summary Judgment and deny Henman's. Henman timely objected. The objections are fully briefed.

The Court agrees with Magistrate Judge Majzoub's analysis and **ADOPTS** the R&R. The Commissioner's Motion for Summary Judgment is **GRANTED.** Henman's Motion for Summary Judgment is **DENIED.**

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to. *Id.; see also* 28 U.S.C. § 636(b)(1)(C). This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified, in whole or in part. *Cole v. Comm'r of Soc. Sec.,* 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1).

### 1. Henman's Objection is Rejected – the ALJ Gave "Good Reasons" for the Weight Afforded to Dr. Bell's Opinion and the Magistrate Judge Relied on Appropriate Case Law

Although Henman frames her objection as attacking the Magistrate Judge's reliance on two cases, she essentially makes two objections: (1) to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") provided the requisite "good reasons" for affording her treating physician, Dr. Randy Bell's, opinion little weight; and (2) to the Magistrate Judge's reliance on two cases to support that finding. Considering this, the Court will address the Magistrate Judge's finding that the ALJ provided the requisite "good reasons," and whether that finding is supported by applicable case law.

The parties do not dispute that Dr. Bell is a treating physician. Under the treating physician rule, the ALJ must give a treating physician's opinion controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *Sawdy v. Comm'r of Soc. Sec.,* 436 F. App'x 551, 553 (6th Cir. 2011); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

When the ALJ determines a treating physician's opinion is not controlling, he then must determine how much weight to assign the opinion by applying several factors: (1) length of the treatment relationship and the frequency of the examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record; (5) specialization of the treating source; (6) other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(2-6), 416.927(c)(2-6). The rule further requires the ALJ give "good reasons" for the weight given to the treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, the ALJ gave Dr. Bell's opinion little weight because it was not consistent with or supported by other evidence in the record:

> In February 2017, Randy Bell, M.D., [Henman's] primary care physician, gave [Henman] work preclusive limitations, including missing more than four days per month of work, sitting for about 2 hours in an 8-hour workday, standing/walking 2 hours in an 8 hour workday, and needing unscheduled breaks (internal citation omitted). This opinion is not consistent with or supported by the medical reports. Clinicians reported that claimant had normal gait, station, and motor strength and sensation in bilateral lower extremities. Therefore, I give this opinion little weight.

(Tr. 18).

Magistrate Judge Majzoub found that the ALJ's use of the word "including" before listing some of Henman's work preclusive limitations demonstrates the ALJ considered the opinion in its entirety. Henman rejects this because the ALJ did not specifically address restrictions on Henman's upper extremities before assigning the opinion little weight.

This argument fails for two reasons: (1) the ALJ's decision references inconsistencies between Dr. Bell's opinion and the other medical evidence elsewhere in

3

the record; and (2) the word "include" is defined as "to contain as a part of something," *Black's Law Dictionary,* 11th ed. 2019, which supports the Magistrate Judge's finding that the ALJ demonstrated that he considered the entire record even though he did not specifically mention Henman's upper extremities in the sentence preceding his assignment of weight afforded to Dr. Bell's opinion.

Magistrate Judge Majzoub relied on the well-settled principle that "[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.,* 167 Fed.Appx. 496, 508 (6th Cir. 2006). She further relied on *Fifer v. Comm'r of Soc. Sec.,* 2016 WL 1399254 (E.D. Mich., Apr. 11, 2016) for the principle that an ALJ's explanation must be viewed against the backdrop of his discussion of the treating records. Based on these two principles, Magistrate Judge Majzoub found the ALJ's discussion of the entire record in conjunction with his discussion of Dr. Bell's opinion was sufficient.

Henman says reliance on these two cases - *Kornecky* and *Fifer* – is misplaced because they involve non-treating sources. Even so, the Sixth Circuit has maintained the same principles for treating source opinions. The Commissioner persuasively cites *Nelson v. Comm'r of Soc. Sec.,* 195 F. App'x 462 (6th Cir. 2006). In *Nelson,* the Sixth Circuit found the ALJ indirectly attacked the supportability and consistency of treating opinions through his discussion of the other record evidence. *Id.* at 470-71. There, the Sixth Circuit found the ALJ's discussion of the other record evidence made clear that the opinions at issue did not meet a criterion for controlling weight: "that the opinion be consistent with the other record evidence as a whole." *Id.* at 471.

4

Therefore, Magistrate Judge Majzoub's reliance on *Kornecky* and *Fifer* is appropriate. Even though the ALJ did not specifically address the limitations on Henman's upper extremities, his broader discussion of the other evidence in the record in conjunction with Dr. Bell's opinion is sufficient to support the assignment of little weight to the opinion.

### III. CONCLUSION

The Report and Recommendation is **ADOPTED.** The Commissioner's Motion for Summary Judgment is **GRANTED.** Henman's Motion for Summary Judgment is **DENIED.**

**IT IS ORDERED.**

Date: August 20, 2019

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge